IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) | CR  04-0328-3 PHX NVW |
| v. | ) | CIV 05-2472 PHX NVW (MEA) |
| GUADALUPE ARREDONDO ZAZUETA, | ) | REPORT AND RECOMMENDATION |
| Defendant/Movant. | ) | |

**TO THE HONORABLE NEIL V. WAKE:**

Mr. Guadalupe Arredondo-Zazueta ("Movant") is currently incarcerated in a federal prison facility in New Mexico, pursuant to his conviction before the United States District Court for the District of Arizona. On August 16, 2005, Movant filed a motion seeking a reduction of his sentence, pursuant to 28 U.S.C. § 2255, asking the Court for clemency and placement in a half-way house. See Docket No. 189. Movant filed an amended section 2255 motion on October 24, 2005. Docket No. 193. Respondent filed a Government's Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence ("Response") on March 20, 2006 (Docket No. 198).

**I.  Procedural History**

In 2004, Movant was charged with conspiracy to possess with the intent to distribute 1,000 kilograms or more of marijuana and with possession of firearms in furtherance of a

drug trafficking offense. Movant and two other individuals were arrested while in a vehicle containing 154 pounds of marijuana, which was observed leaving a residence in Phoenix, Arizona. Response at 3. Additionally, as a result of the investigation involving Movant, a search warrant was executed at the aforementioned residence, resulting in the discovery of 2,230 pounds of marijuana, an AR-15 rifle, and an AK-47 rifle. Id. at 3.

On January 19, 2005, Movant was arraigned on a superceding indictment. See Docket No. 138. On April 1, 2005, pursuant to a plea agreement, Movant pled guilty to conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana. See Docket No. 165. The plea agreement stipulated that the quantity of marijuana Movant conspired to possess and distribute was between 100 and 400 kilograms of marijuana. Docket No. 183 at 2. The plea agreement provided that Movant would receive a sentence within the range specified in the United States Sentencing Guidelines for Movant's offense of conviction, and noted that the maximum term of imprisonment was forty years and the minimum was five years. See id. The plea agreement stipulated to a three-level reduction in the applicable sentence guideline for Movant's acceptance of responsibility if he signed the plea agreement no later than April 7, 2005. Id. at 3.

The plea agreement stipulated to the minimum term of 60 months imprisonment pursuant to Movant's conviction. See id. at 3. The plea agreement also provided Movant was, by pleading guilty, waiving any right to appeal or collaterally attack his

1 conviction and sentence if the sentence imposed was consistent
2 with the terms of the plea agreement.  Id.
3       The plea agreement states:
4       The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement.  The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.  The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

Id. at 4.  The plea agreement further stated that, if the matter were to proceed to trial, the United States could prove Movant had conspired with others to distribute 100 kilograms or more of marijuana and that Movant and others had conspired to provide an undercover police officer with 300 pounds of marijuana on or about April 1, 2004.  Id. at 6.

Movant further stated in the plea agreement that he had discussed the plea agreement with his counsel and understood its provisions.  Id. at 7.  Movant averred that he had agreed to the provisions of the agreement "as a voluntary act on my part and I agree to be bound to its provisions."  Id. at 8.  He further stated: "I am satisfied that my defense attorney has represented me in a competent manner.... This agreement has been read to me

in Spanish and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it." Id. at 8.

The plea agreement was signed by both Movant and his counsel on April 1, 2005. Id. at 8-9.

On June 20, 2005, pursuant to the terms of the plea agreement, Movant was sentenced to a term of 60 months imprisonment followed by four years of supervised release. See Docket Nos. 181 & 182.

Movant did not file a direct appeal regarding his conviction and sentence. Movant does not assert he is not guilty of the crime of conviction. See Docket No. 193 at 2. Movant asserts he is entitled to relief because he was deprived of his right to the effective assistance of counsel. He also contends his conviction was obtained by a coerced confession, i.e., that the prosecutor did not recommend the reduction in the amount of his sentence as promised, and because he was denied his right to appeal his conviction and sentence.

**II. Discussion**

**A. Respondent contends that the section 2255 motion must be denied because Movant waived his right to appeal or collaterally attack his conviction and sentence.**

The plea agreement signed by Movant expressly waived his right to raise on appeal or collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement. See Docket No. 183. Movant admits he knew at the time he entered his plea agreement that he was waiving his right to a direct appeal. See Docket No. 193.

> As stated supra, the plea agreement provides:
>
>> The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

Docket No. 183 at 4.

The sentence imposed on Movant was consistent with the terms of the plea agreement, i.e., Movant received a sentence of 60 months imprisonment. The sentence was in accordance with the plea agreement and, therefore, Movant waived his right to collaterally attack his conviction and sentence. Because Movant waived his rights to bring this action, the section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the defendant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991). See also Williams v.

United States, 396 F.3d 1340, 1342 (11th Cir. 2005).[1]

However, some federal courts have concluded that a plea agreement which waives the right to file a direct appeal or a section 2255 motion is not enforceable if the waiver was involuntary or if the defendant's counsel was ineffective in negotiating the agreement. See, e.g., Jeronimo, 398 F.3d at 1156 (concluding the court did not have jurisdiction to consider the appeal of a defendant who had waived this right in a plea agreement because the agreement was knowing and voluntary on its face, stating: "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made"); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002); United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001) (concluding that a collateral attack alleging ineffective assistance of counsel in negotiating

---

[1] In Williams, the Eleventh Circuit states:

> [E]very Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. See United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001), cert. denied, 534 U.S. 1085, 122 S.Ct. 821, 151 L.Ed.2d 703 (2002); Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000)... We are persuaded by the foregoing consistent line of authority from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

396 F.3d at 1342.

a plea agreement may be brought notwithstanding a waiver of this right in the agreement, stating: "Such agreements waiving the right to appeal are subject to certain exceptions, including where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful."); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000). Because Movant asserts his counsel was ineffective and implies that he did not knowingly and voluntarily enter into the agreement, the Court will discuss the merits of these contentions.

### B. Voluntariness of plea agreement

To determine the validity of a guilty plea, the Court must ascertain whether the plea represented a voluntary and intelligent choice among the alternative courses of action open to the defendant. See Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366 (1985).

In the plea agreement itself and at the proceeding regarding entry of the guilty plea, Movant was informed that, by entering into the plea agreement, he was giving up his right to appeal his conviction and sentence and to collaterally attack his conviction and sentence. Movant indicated at that time he knew he was relinquishing these rights by entering into the plea agreement. See Docket No. 183. When Movant entered his guilty plea, the Court concluded Movant was knowingly and voluntarily entering a guilty plea, and that Movant was competent to enter his plea of guilty. Docket No. 165.

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in

determining if his entry of a guilty plea was knowing and voluntary. See United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) ("a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to [the] consequences [of a plea agreement]."). The Court may properly credit a defendant's testimony at a hearing regarding the entry of a guilty plea over any subsequent declarations to the contrary. See United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984). Because Movant was adequately informed of the consequences of his plea, his guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). Because Movant stated at the time of his guilty plea that the plea was knowing and voluntary, the Court concludes the plea was voluntary and intelligently made. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986). See also United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987) ("Solemn declarations in open court carry a strong presumption of verity").

**C. Movant asserts he is entitled to relief because he was deprived of the effective assistance of counsel.**

Movant asserts he was deprived of his right to the effective assistance of counsel.

A defendant who enters a guilty plea on the advice of counsel may attack the voluntary and intelligent character of the plea by showing that counsel acted incompetently by advising defendant to accept the plea. See Jeronimo, 398 F.3d at 1156

-8-

n.4[2]; Shah v. United States, 878 F.2d 1156, 1156 (9th Cir. 1989). To establish counsel was ineffective during plea proceedings, the two-part test stated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984) is applied. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. The defendant must show counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys and that, but for counsel's advice, he would not have pleaded guilty. Id., 474 U.S. at 58-59, 106 S. Ct. at 369-70; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

Movant's counsel was not incompetent for recommending that Movant accept the terms of the plea agreement, which guaranteed Movant a five-year sentence on one count rather than proceeding to trial and facing a potential sentence of forty years imprisonment on each of the two counts charged. Accordingly, Movant offers no specific reason why, but for counsel's advice, he would have rejected the plea agreement and proceeded to trial.

---

[2] We leave open the possibility that [the defendant] might raise his ineffective assistance argument on federal habeas procedure, through a § 2255 motion, notwithstanding that [his] appeal waiver covered "all his waivable statutory rights to file a petition pursuant to 28 U.S.C. § 2255 challenging the length of his sentence.
Although a defendant may waive the statutory right to file a § 2255 petition "challenging the length of his sentence," we do not decide whether such language would necessarily encompass a claim challenging the knowing and voluntary nature of the plea agreement (and accompanying waiver of § 2255 rights). Further, we do not decide whether even an express waiver of all § 2255 rights could be enforced to preclude an ineffective assistance claim implicating the voluntariness of the waiver itself.

Movant has not averred how counsel's advice to accept the plea agreement was deficient nor has Movant established a reasonable probability that, but for his counsel's advice, he would have proceeded to trial. Therefore, Movant is not entitled to relief pursuant to section 2255 on the basis of his claim that he was deprived of the effective assistance of counsel in his plea proceedings.

### III. Conclusion

Movant waived his right to collaterally attack his sentence in his plea agreement and, therefore, the Court may dismiss this action without addressing the merits of Movant's claims for relief. Movant has not established that his plea agreement was unknowingly or involuntarily made, and Movant has not established he was deprived of the effective assistance of counsel in his plea proceedings, rendering his plea agreement unknowing or involuntary.

**IT IS THEREFORE RECOMMENDED** that Mr. Arredondo-Zazueta's Motion to Vacate, Set Aside, or Correct Sentence, be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the

parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 24th day of April, 2006.

_____
Mark E. Aspey
United States Magistrate Judge